UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **DARREN BAILEY** | : | **DOCKET NO. 3:22-cv-03742** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed by defendants State Farm Fire & Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company. Doc. 10. When setting plaintiff's response deadline, the court warned plaintiff that failure to comply with this deadline will result in a recommendation that this case be dismissed. Doc. 21. Plaintiff did not file an opposition to the motion, so we will consider it unopposed.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated, **IT IS RECOMMENDED** that the motion be **DENIED**. However, as also discussed below,

**IT IS FURTHER RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court.

### I.
#### BACKGROUND

This case arises from damage to plaintiff's home in Downsville, Louisiana, allegedly caused by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. Doc. 1. Attorneys formerly associated with the law firm McClenny Moseley & Associates, PLLC

("MMA") filed this lawsuit in plaintiff's name in this court on August 24, 2022, raising claims of breach of insurance contract and bad faith against defendants under Louisiana law. Doc. 1.

In this and 40 other similarly situated suits, defendants State Farm Fire and Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company, and Dover Bay Specialty Insurance Company filed a single motion alleging that dismissal was warranted in all of the listed cases because plaintiffs did not give MMA authority to file suit on their behalf.[1] Doc. 10, att. 1, p. 2. Plaintiff then became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 21. The Termination Order ordered plaintiff to, on or before July 7, 2023, file a response to defendants' motion to dismiss. *Id.* The Termination Order cautioned plaintiff that failure to comply with this deadline without having requested an extension or without having sought to dismiss this suit would result in the undersigned issuing a recommendation to the district court that defendant's motion be considered unopposed and further that the case be dismissed for failure of plaintiff to prosecute and/or abide by court orders. *Id.* at pp. 4–5. Plaintiff failed to file the response as ordered.

## II.
### LAW AND ANALYSIS

### A. Motion to Dismiss

We are faced with the very serious allegation that the law firm that filed this suit on plaintiff's behalf had no authority to do so, and the court has treated that allegation with the seriousness it deserves by setting various show cause hearings and status conferences in numerous cases, which we decline to enumerate here. But the motion in which this allegation appears is a

---

[1] Movant Dover Bay Specialty Insurance Company is not a party to this suit.

motion to dismiss and, aside from arguing that the lawsuit is a nullity, it does not provide us with any citation to authority that would allow us to dismiss the case at the pleadings stage. This court's Local Rules require that a memorandum in support of a motion to dismiss cite to the legal authorities that support granting the relief sought. W.D. La. Loc. Civ. R. 7.4. However, defendants do not explicitly state which rule from the Federal Rules of Civil Procedure would require dismissal of the allegedly unauthorized claims, and the court will not make assumptions as to defendants' intentions.

Further, the provisions of the frequently cited Rule 12(b)(6) do not allow the court's inquiry to stray beyond the pleadings in normal circumstances. Here we are presented with an affidavit that was not made part of the pleadings. In short, defendants do not provide citations sufficient to convince us that MMA's alleged lack of authority to file suit is properly handled by a motion to dismiss, rather than a motion for summary judgment.[2] Given the constraints on our consideration of motions to dismiss, we are bound to recommend that the motion be denied.

**B. Failure to Prosecute**

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*,

---

[2] The only federal-law authority cited in support of granting dismissal is a citation to *Franatovich v. Allied Trust Insurance Company*. Doc. 10, att. 1, pp. 4–5 (citing Minute Entry, Order and Recommendation, No. 22-2552, p. 3 (E.D. La. Feb. 1, 2023)). That case is not binding on this court. Furthermore, the cited order dismisses a case *sua sponte* without citing any legal authority that would support defendants' motion to dismiss for the law firm's lack of authority to file suit.

988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

In the Termination Order, the undersigned explained to plaintiff his rights and obligations as a *pro se* plaintiff, including the responsibility to respond to defendants' Motion to Dismiss and to otherwise "be aware of and abide by the various orders and rules of the court." Doc. 21, p. 3. Plaintiff's response deadline has come and gone, with none being filed. Plaintiff has not contacted chambers regarding the case.

As of this date, no attorney has moved to enroll on plaintiff's behalf. Plaintiff has not participated in the prosecution of this case, including responding to the current motion. We see no action plaintiff has taken to move this case along to its completion. Accordingly, we recommend that this civil action be dismissed without prejudice for failure to prosecute and abide by the orders of the court.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 10] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 27th day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE